IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, Jr., as Trustee, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 15-cv-11586 |
| v. | ) ) | Judge James B. Zagel |
| K & M EQUIPMENT, INC., an Illinois corporation, and MIDWEST UNDERGROUND, INC., an Illinois corporation, | ) ) ) ) ) | Magistrate Judge Michael Mason |
| *Defendants.* | ) | |

**CENTRAL STATES' MOTION FOR SUMMARY JUDGMENT**

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Arthur H. Bunte, Jr., trustee (collectively, "Central States"), by and through their undersigned counsel, and hereby submit Central States' Motion for Summary Judgment.

In support of this motion, Central States states as follows:

1. Central States filed this action against Defendants K&M Equipment, Inc. ("K&M") and Midwest Underground, Inc. ("Midwest") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") *as amended* by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Central States seeks a declaration that K&M and Midwest have waived their right to assert any claims or defenses in arbitration against an assessment of withdrawal liability issued to them by the Pension Fund because they failed to timely initiate arbitration under MPPAA. Central States also seeks an injunction compelling K&M and

Midwest to dismiss a pending arbitration commenced by them before the American Arbitration Association ("AAA"), in which K&M and Midwest assert challenges to the assessment of withdrawal liability.

2. This Court has jurisdiction over this lawsuit pursuant to 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c). (Plaintiffs' L.R. 56.1(a)(3) Statement of Material Facts ("Pl. SMF"), ¶ 5.)

3. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Illinois. (Pl. SMF, ¶ 6.)

4. For a number of years, Midwest was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, under which Midwest was required to make contributions to the Pension Fund on behalf of certain of its employees. (Pl. SMF, ¶ 7-8.)

5. At all relevant times, Midwest and K&M were a group of trades or businesses under common control (the "Midwest Controlled Group"), and therefore constituted a single employer within the meaning of 29 U.S.C § 1301(b)(1), and the regulations promulgated thereunder. (Pl. SMF, ¶ 4.)

6. The Midwest Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA. (Pl. SMF, ¶ 4.)

7. The Pension Fund determined that on or about December 31, 2012, the Midwest Controlled Group effected a "partial withdrawal," as that term is defined in 29 U.S.C. § 1385(a)(2), as a result of the partial cessation of the Midwest Controlled Group's obligation to contribute to the Pension Fund. (Pl. SMF, ¶ 17.)

8. As a result of the Pension Fund's determination of the Midwest Controlled Group's partial withdrawal, the Pension Fund determined that the Midwest Controlled Group incurred withdrawal liability to the Pension Fund in the principal amount of $1,961,713.07, which determination was made under 29 U.S.C. § 1381(b) (the "Assessment" or "Withdrawal Liability"). (Pl. SMF, ¶ 18.)

9. On or about March 17, 2014, the Midwest Controlled Group, through Midwest, received a notice and demand for payment of the Withdrawal Liability (the "Notice and Demand") issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). (Pl. SMF, ¶ 19.)

10. MPPAA establishes a strict procedure for resolving disputes over withdrawal liability. After an employer receives a notice and demand for payment of withdrawal liability, the employer has 90 days to request the plan sponsor to review the assessment. 29 U.S.C. § 1399(b)(2)(A). After this request for review, the dispute is subject to mandatory arbitration, which the employer must initiate within 60 days of either (1) its receipt of the plan sponsor's response to the request for review under 29 U.S.C. § 1399(b)(2)(B) or (2) 120 days after the employer's request for review under 29 U.S.C. § 1399(b)(2)(A) – whichever comes earlier. 29 U.S.C. § 1401(a)(1). If the employer fails to initiate arbitration by the earlier of those dates, the employer waives its right to contest the withdrawal liability and the withdrawal liability becomes due and owing pursuant to the schedule provided by the plan. 29 U.S.C. § 1401(a)(1), (b)(1).

11. In a letter dated October 30, 2015, the Midwest Controlled Group purported to submit a request for review of the Withdrawal Liability to the Pension Fund pursuant to 29 U.S.C. § 1399(b)(2)(A). (Pl. SMF, ¶ 22.)

12.     In a letter also dated October 30, 2015, the Midwest Controlled Group purported to initiate arbitration to challenge with Withdrawal Liability pursuant to 29 U.S.C. § 1401, 29 C.F.R. § 4221, Section 7 of the AAA's Rules for Withdrawal Liability Disputes, and the Pension Fund's rules for withdrawal liability disputes. (Pl. SMF, ¶ 23.) The arbitration is currently pending in a case titled *Midwest Underground Inc. et al v. Central States, Se. & Sw. Areas Pension Fund*, AAA No. 01-15-000504525, but has been stayed pending the outcome of the instant litigation. (Pl. SMF, ¶ 23.)

13.     Since the Midwest Controlled Group received the Pension Fund's Notice and Demand on March 17, 2014, but did not submit a request for review of the Withdrawal Liability until October 30, 2015, the request for review was not received by the Pension Fund within 90 days of the Midwest Controlled Group's receipt of the Pension Fund's Notice and Demand, as required by 29 U.S.C. § 1399(b)(2)(A). As a result, the Midwest Controlled Group did not timely initiate arbitration and has waived its right to contest the Withdrawal Liability. 29 U.S.C. § 1401(a)(1), (b)(1). Therefore, the Withdrawal Liability is due and owing pursuant to the schedule provided by the Pension Fund in the Notice and Demand. *Id*.

14.     The material facts are undisputed. As further discussed in Central States' Memorandum in Support of Its Motion for Summary Judgment, Central States is entitled to summary judgment as a matter of law.

15.     In support of this Motion, Central States has filed herewith Central States' Memorandum in Support of Its Motion for Summary Judgment and Central States' L.R. 56.1(a)(3) Statement of Material Facts.

WHEREFORE, for the reasons set forth herein and in Central States' Memorandum in Support of Its Motion for Summary Judgment, Central States requests that this Court enter

summary judgment in its favor and against K&M and Midwest. Central States also requests the following relief:

  A. That this Court stay or enjoin the pending arbitration until there is a final declaration of rights and obligations by this Court;

  B. That this Court render a declaratory judgment providing that:

    (1) the arbitration tribunal lacks jurisdiction;

    (2) Defendants have no right to assert their claims or defenses in the arbitration or otherwise because they failed to timely initiate arbitration; and

    (3) Central States is not required to arbitrate the claims and defenses asserted by Defendants relating to the Withdrawal Liability;

  C. That this Court enter an injunction compelling Defendants to dismiss the arbitration with prejudice;

  D. That this Court award Central States its attorneys' fees and costs; and

  E. That this Court grant Central States any and all other relief to which it may be entitled.

                Respectfully submitted,

                */s/ Brandon A. Buyers*
                Brandon A. Buyers (ARDC #06312454)
                CENTRAL STATES FUNDS
                Law Department
                9377 West Higgins Road, 10th Floor
                Rosemont, Illinois 60018
                (847) 939-2464
                bbuyers@centralstatesfunds.org

May 13, 2016               *COUNSEL FOR CENTRAL STATES*

## CERTIFICATE OF SERVICE

I, Brandon A. Buyers, one of the attorneys for the Plaintiffs, certify that on May 13, 2016, I served the foregoing *Central States' Motion for Summary Judgment* to the following parties by email pursuant to the Court's standing order governing motions for summary judgment:

Allison Papadopoulos (apapadopoulos@akingump.com)
Andrew Turnbull (aturnbull@akingump.com)
Elizabeth Cyr (ecyr@akingump.com)
Eric Field (efield@akingump.com)
Akin Gump Strauss Hauer & Feld, LLP

John Zawadsky (jzawadsky@reinhartlaw.com)
Robert Driscoll (rdriscol@reinhartlaw.com)
Reinhart Boerner Van Deuren S.C.

Respectfully submitted,

 */s/ Brandon A. Buyers*
Brandon A. Buyers (ARDC #06312454)
CENTRAL STATES FUNDS
Law Department
9377 West Higgins Road, 10th Floor
Rosemont, Illinois  60018
(847) 939-2464
bbuyers@centralstatesfunds.org

May 13, 2016                                             *COUNSEL FOR CENTRAL STATES*